## Commonwealth v. Ziemba

*Rothermel & Confer*, for defendant.

SHANAMAN, J., December 7, 1936.—Frank Ziemba, defendant, has taken certiorari to the proceedings before Arthur J. Auman, justice of the peace, wherein defendant was sentenced to pay a fine of $10, costs of prosecution and 18 days' imprisonment in Berks County Prison, in the alternative. The transcript is before us, to which defendant has taken six exceptions. The proceeding was under the Act of April 14, 1905, P. L. 169, 18 PS §3311, providing a penalty for trespassers.

Defendant excepts to the absence in the transcript of any statement that he was found guilty. The fine and alternative imprisonment are the sentence imposed upon him whose guilt has been determined by the trier of the facts. The transcript should set forth that the justice found defendant guilty as charged, and should then set forth the sentence. Defendant excepts also to the failure to name the School District of the Township of Exeter, Berks County, Pa., as the use prosecutor. There is some clash of authority as to this. See cases cited in 18 PS §3314, note (4). The act provides in section 3 that all penalties recovered under it shall be paid to the school fund of the district in which the trespass was committed. We think that where the school district is not made a use party the transcript should at least state that the fine is for the use of and to be paid into the school fund of the district.

A more serious defect is found in the fact that defendant was sentenced to serve an alternative imprisonment of 18 days in default of payment of a $10 fine and costs:

"The other exception is of a more serious nature. It goes to the form of the judgment. The justice sentenced the defendant to pay a fine of five dollars and costs, and in default of payment that he should be committed to the county jail for 16¾ days. In substantially the same words is the judgment entered by the justice.

"The act of assembly provides that 'in default of payment of said fine and costs, the party convicted shall be committed to the county jail of the proper county, for one

day for each dollar of fine imposed.' This statute being penal in character must be construed strictly. But strict construction is not necessary in the face of the plain language of the act. The imprisonment in default of payment is 'for one day for each dollar of fine.'

"This error in the entry of judgment and in the form of the sentence vitiates the proceedings, which are therefore reversed": Tewsbury v. Miller, 9 Lack. Jur. 262, 263.

And now, to wit, December 7, 1936, the proceedings are reversed.